| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re<br>     **GIOIA F. CALISI**,<br><br>                               Debtor.<br>------------------------------------------------------------x | Return Date: 1/23/13<br>Time: 10:00 A.M.<br><br>Chapter 7<br><br>Case No. 12-12691 (BRL) |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§541 AND 542, AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 7001, 9006, 9013 AND 9014
TO TURN OVER PERSONAL INJURY FILE AND PURSUANT
TO LOCAL RULE 2090-1(e)**

**TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:**

        The Motion of Robert L. Geltzer, Trustee by his attorney, the Law Offices of Robert L. Geltzer, for an Order to Turn Over the Personal Injury file of the Debtor respectfully represents:

        1.  On June 23, 2012 a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Code") was filed by Gioia F. Calisi (the "Debtor") in the United States Bankruptcy Court for the Southern District of New York.

        2.  The United States Trustee appointed Robert L. Geltzer as the interim trustee on or about June 23, 2012 pursuant to 11 U.S.C. § 701, and he became permanent Trustee pursuant to Section 702(d) of the Bankruptcy Code, and has been, and is, acting as such.

        3.  Pursuant to Debtor's testimony at the meeting conducted pursuant to § 341 of the Code on July 24, 2012, the Debtor suffered severe nerve injury as a result of a dental implant (the "Personal Injury Action"), whereupon Debtor retained Luigi Izzo, Esq. of Faga Savino, LLP, as personal injury counsel.

        4.  Upon information and belief, Luigi Izzo, Esq., Pre-petition personal injury counsel to the Debtor (hereafter "The Personal Injury Attorney") is an attorney, and conducts business at 399 Knollwood Road, White Plains, New York 10603.

5. On or about July 31, 2012, and August 29, 2012, and October 2, 2012, the Trustee wrote to The Personal Injury Attorney inquiring about the liability and damages, seeking copies of pleadings, and offering to retain The Personal Injury Attorney; when he failed to respond, the Trustee wrote for the turnover of the file on October 2, 2012 to which the Trustee received no response and no file; the correspondence is annexed and cumulatively marked as Exhibit "A".

6. Luigi Izzo, Esq.'s failure to do so is also in violation of New York State Bar Ethics Opinion #407 and paragraph IV of the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010.

7. The Trustee claims that The Personal Injury Attorney is holding property of the estate in the form of a personal injury file containing documents, medical information and otherwise in connection with a cause of action for personal injuries sustained by the Debtor.

8. Said file is property of the estate as provided for in § 541 of the Bankruptcy Code.

9. Based on the foregoing, and pursuant to §§ 542 of the Bankruptcy Code, The Personal Injury Attorney must turn over said file to the Trustee.

10. In light of the fact that no novel issues of law are raised by this Motion, the Trustee respectfully requests that any requirement for filing of a memorandum of law under any Local Bankruptcy Rule be waived.

11. No prior motion seeking the relief requested has been made to this or any other Court.

12. The following "wherefore" clause demands a turnover of the entire file; this is demanded for no noetic purpose but, rather, is based upon the Trustee's experiences of almost two decades with several pre-petition personal injury attorneys from whom a file was turned over, voluntarily or by order, but which did not contain the entire file (which must include medical reports, police reports, x-rays, etc.) and whose incompleteness subsequently impairs or

prejudices Trustee's duly appointed Court ordered special personal injury attorney in the prosecution of the cause of action for the benefit of creditors. In like vein, the "wherefore" clause also asks that the "original" file be turned over for the same reasons inasmuch as original medical reports, x-trays, etc., are needed for introduction into evidence at any trial that may ensue. In further like vein, the "wherefore" clause also demands that the file be turned over within ten (10) days. It seems that ten days to turn over a file is more than ample; indeed, it should be able to be accomplished the same or the next day, and if pre-petition personal injury attorney wishes to make any copies of that file for the purpose of asserting any lien to which they think they may be entitled, they should accomplish that copying without further delaying the Trustee and the prosecution of the personal injury action, already further delayed for many months by the failure of the personal injury attorney to respond and, thereby, creating the necessity for the extant motion.

**WHEREFORE**, the Trustee respectfully requests that this Court: Order Lawrence H. Singer, Esq. to turn over to the entire, original personal injury file of the Debtor to the Trustee within ten (10) days of granting an Order on this Motion; and the cost and expenses of this Motion; and grant such other and further relief as may seem just and proper.

Dated: New York, New York
       December 7, 2012

                                      Law Offices of
                                      ROBERT L. GELTZER
                                      Counsel to Trustee

                                      By: /s/ Robert L. Geltzer
                                          Robert L. Geltzer (RG 4656)
                                          A Member of the Firm
                                          1556 Third Avenue, Suite 505
                                          New York, New York  10128
                                          (212) 410-0100